IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11CV676-FDW-DSC

| | |
|---|---|
| DARAMIC, LLC and MP ASSETS CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ENTEK INTERNATIONAL, LLC, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on "Defendant's Motion to Transfer Venue," Doc. 24, filed March 30, 2012 and the parties' associated briefs and exhibits, Docs. 25, 44 and 50.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court denies Defendant's Motion to Transfer Venue as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In this action, Plaintiffs contend that Defendant infringed two United States Patents, No. 6,242,127 (the " '127 Patent") and No. 5,221,587 (the "'587 Patent") . The patents are directed at highly specialized battery separators used in deep-cycle batteries like those in golf carts. Plaintiffs contend that Defendant's deep-cycle battery separators infringe on their patents. Defendant has asserted counterclaims against Plaintiffs for anti-competitive conduct and related business torts under Oregon law.

Plaintiff Daramic, LLC ("Daramic") is a Delaware limited liability company with its

1

principal place of business in Charlotte, North Carolina. Plaintiff MP Assets Corporation ("MPAC") is a Delaware corporation with its principal place of business in Charlotte, North Carolina. MPAC is an indirect, wholly owned subsidiary of Daramic. Defendant Entek International, LLC is a Delaware limited liability company with its principal place of business in Lebanon, Oregon.

Defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the District of Oregon for the convenience of the parties and witnesses and in the interests of justice.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

Under section 1404, the Court must first determine if the case could have been brought in the transferee court. Venue is proper in a patent infringement action "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue is proper in the District of Oregon under 28 U.S.C. § 1400(b) because Defendant's deep-cycle battery separators, which are the subject of this infringement action, are designed, processed and manufactured in Lebanon, Oregon. Defendant's headquarters is also located in Oregon.

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

2

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990). In this case, Defendant has "the burden of persuasion and must show (1) more than a bare balance of convenience in his favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F.Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990).

### A. Plaintiffs' Choice of Forum

Plaintiffs' choice of forum is given considerable weight and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir.1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)). See Brown v. Flowers, 297 F.Supp.2d 846, 850 (M.D.N.C.2003) (citing Collins), aff'd, 196 Fed.Appx 178 (4th Cir.2006). In this case, Plaintiffs clearly seek to litigate this matter in the Western District of North Carolina, which is their home forum. Defendant carries a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Intern., Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. February 11, 2008). As the Court has previously noted, it is "black letter law," that

"plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F.Supp. 725, 726-27 (W.D.N.C.1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

In patent infringement cases, the Court, along with other courts in this Circuit, has acknowledged that

> the preferred forum in patent infringement cases is generally "the center of the accused activity," which is often where the offending device is produced.... [T]he "preferred forum" [is] the place of production because that's where "the milieu of the infringing device" [is] located. "It must be remembered that Congress contemplated [in patent cases] a venue where there would be first-hand visual and audible knowledge of the conditions, the environment and the art itself, and testimony of the most competent witnesses."

Minute Man Anchors, Inc. v. Oliver Technologies, Inc., No. 1:04CV27, 2005 WL 1871164, at *15 (W.D.N.C. August 5, 2005) (quoting Agilent Tech., Inc. v. Micromuse, Inc., 316 F.Supp.2d 322, 327 n. 3 (E.D.Va. 2004) and AMP, Inc. v. Burndy of Midwest, Inc., 340 F.Supp. 21 (N.D.Ill.1971)) (other citations omitted).

Plaintiffs argue that the "center of activity" approach is only used in cases where a plaintiff files suit in a foreign forum and that is not the case here because this is their home forum. Defendant disagrees and points to the recent decision in Schrader-Bridgeport Int'l, Inc. v. Cont'l Auto. Sys. US, Inc., No. 6:11-CV-0014, 2012 WL 503602 (W.D. Va. Feb. 15, 2012) where the court transferred a patent case from the plaintiff's home forum because the bulk of the alleged infringing activity took place elsewhere. However, this Court notes that in the Schrader-Bridgeport case, the parent corporation that owned the patent was located in the transferee forum. The accused infringer also had an infringement suit asserting their own patents against the plaintiff pending in the transferee forum.

4

This Court agrees with the Eastern District of Virginia court that

> The so-called 'center of activity' approach to resolution of venue issues in patent cases does not supplant the traditional change of venue analysis prescribed by § 1404(a) and the established jurisprudence applying it. Nor do patent cases enjoy an exemption from the substance of that jurisprudence. Rather, the center of gravity approach is best regarded as a shorthand reference to the convenience of witness and access to evidence components of the well-settled precepts for applying § 1404(a).

Koh v. Microtek Intern., Inc., 250 F.Supp.2d 627, 638 (E.D.Va. 2003). Consequently, the Court gives due consideration to the fact that the alleged infringing activity took place in Oregon but finds that Plaintiffs' choice of their home forum strongly favors retention of this matter in this District.

### B. The Residence of the Parties

Both Plaintiffs have their headquarters and principal place of business in Charlotte, North Carolina. Each is a resident of the Western District of North Carolina for venue purposes. Defendant is a resident of the District of Oregon. This factor favors retention of this matter in this District.

### C. The Relative Ease of Access to Proof

The Court finds that while the bulk of the evidence regarding the alleged infringement is located in Oregon, most of Plaintiff's evidence regarding their patent claims and the antitrust and business tort counterclaims is based in Charlotte. In the digital age, this factor becomes increasingly less important. See, e.g., 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3853 (3d ed. 2011) ("[S]ince most records and documents now can be transported easily or exist in miniaturized or electronic form, especially, for example, the ubiquitous e-mail, their location is entitled to little weight."). Despite the foregoing diminution, as discussed above regarding "the center of activity" approach, this factor favors transfer to Oregon. The evidence most germane to this patent infringement matter is in Oregon.

### D. The Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses

Compulsory process will likely not be a problem for Plaintiffs or Defendant since most anticipated witnesses are employees. Defendant argues that it will incur substantial costs if the case proceeds in this District, while Plaintiffs will incur travel expenses and other burdens whether this case proceeds in North Carolina or Oregon. Plaintiffs argue that a majority of their witnesses are located in this District and that their additional witnesses will likely come from the Piney Flats, Tennessee area, which is the site of a Daramic facility and the last known location of the '127 patent's inventors; Owensboro, Kentucky, which is the site of a Daramic facility; and Germany, which is the last known location of the '587 patent's inventors. Plaintiffs argue that while these witnesses are located outside this District, Charlotte is a more convenient forum than Oregon. The Court agrees and finds that this factor favors retention of the case in this District.

### E. The Possibility of a View

If a view is required, it would be in the District of Oregon where the alleged infringing separators were designed, processed and manufactured. This factor favors transfer to Oregon.

### F. The Enforceability of a Judgment, If Obtained

This factor is neutral. A judgment obtained in this District or the District of Oregon would be enforceable nationwide.

### G. The Relative Advantages and Obstacles to a Fair Trial

This factor is neutral in that a fair trial can be obtained in any federal court for either side.

### H. Other Practical Problems That Make a Trial Easy, Expeditious, and Inexpensive

There appear to be no practical problems other than the factors previously considered that make trial any easier here than in Oregon. It appears that some parties and witnesses will have to travel regardless of the forum. This factor is neutral.

### I. The Administrative Difficulties of Court Congestion

According to the available data, for the 12-month period ending September 30, 2011, the number of civil filings per judge in this Court was 238 as compared to 376 for the District of Oregon, and the median time to dispose of a civil case in this Court (from filing to disposition) was 7.9 months as compared to 10.9 in the District of Oregon. http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/DistrictCourtsSep2011.aspx. This factor favors retention of this matter in this District.

### J. The Interest in having Localized Controversies Settled at Home and the Appropriateness in having the Trial of a Diversity Case in a Forum that is at Home with the State Law that must Govern the Action

While there is interest in having Plaintiffs' disputes resolved in this community, as Plaintiffs are corporate residents of this District, there would be an equal interest in resolving this matter in the District of Oregon. The laws governing the predominate issues in this action are federal patent laws, with which all federal courts should be equally familiar. This factor is neutral.

### K. The Avoidance of Unnecessary Problems with Conflict of Laws

Defendant argues that Oregon law will control the business tort counterclaims and therefore, this factor favors transfer. However, Plaintiffs argue that which state's substantive laws apply to the counterclaims is an open question that will be resolved using the forum's choice-of-law principles. Because it is not certain that Oregon law will apply, the Court finds this factor is neutral.

Having considered all of the factors individually, the Court also considers the factors cumulatively. Both quantitatively and qualitatively, the factors weigh in favor of retention of this matter in this District. While four factors weigh in favor of retention, including the Plaintiff's choice of forum which must be given great weight, only two factors weigh in favor of transfer. Therefore, the Court concludes that the interests of justice and convenience warrant retaining venue in the forum of Plaintiff's choice. The Court denies Defendant's Motion to Transfer Venue under Section 1404(a).

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. "Defendant's Motion to Transfer Venue," Doc. 24, is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: May 2, 2012

David S. Cayer
United States Magistrate Judge